# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 8, 2008

## TONY SHEFFA v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Shelby County

### No. P-26146   W. Fred Axley, Judge

### No. W2007-01443-CCA-R3-PC - July 2, 2008

The petitioner, Tony Sheffa, appeals the Shelby County Criminal Court's denial of post-conviction relief.  On appeal, he alleges that his trial counsel was ineffective and, that because of the ineffectiveness of counsel, his pleas were not knowingly and voluntarily entered.  Upon our review of the record and the parties' briefs, we conclude that the post-conviction court did not have jurisdiction to hear the petition.  Therefore, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

R. Andrew Hutchison (on appeal) and Paul Guibao (at trial), Memphis, Tennessee, for the appellant, Tony Sheffa.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On January 29, 2001, the petitioner entered guilty pleas to two counts of especially aggravated robbery, two counts of especially aggravated kidnapping, one count of evading arrest, one count of resisting official detention, and one count of being a convicted felon in possession of a handgun.  The petitioner received a total effective sentence of thirty years in the Tennessee Department of Correction.

Subsequently, on February 8, 2002, the petitioner filed a petition for post-conviction relief. The State filed a motion to dismiss the petition, alleging that the petition was not timely filed. The post-conviction court granted the State's motion and dismissed the petition.

Thereafter, on April 28, 2003, the petitioner filed a motion asking the post-conviction court to reopen his post-conviction petition, arguing that "[t]he petition was timely filed by Petitioner. However, due to an institutional lockdown, the Petition did not reach the Shelby County Clerks until February 8, 2002." The record reflects that this motion was granted, although the record does not reflect the date the motion was granted.[1]

On October 14, 2004, the petitioner filed an amended petition for post-conviction relief, alleging further instances of ineffective assistance of counsel. A post-conviction hearing was held on February 5, 2007, regarding the amended petition. At the post-conviction hearing, the petitioner's post-conviction counsel stated, without dispute, that the State had consented to the motion to reopen the post-conviction action. The post-conviction court proceeded to hear the petitioner's claims for post-conviction relief.

At the conclusion of the hearing, the post-conviction court found that the petitioner had failed to prove the claims alleged in his amended post-conviction petition. On appeal, the petitioner challenges this ruling.

## II.  Analysis

Before we address the merits of the petitioner's claims, we must first address a procedural challenge raised by the State. For the first time on appeal, the State contends that the post-conviction court did not have jurisdiction to hear the petitioner's amended post-conviction petition. In its brief, the State "concedes that the post-conviction court erred in dismissing the original petition," explaining that the original petition was timely filed. However, the State contends that the petitioner did not appeal this erroneous dismissal. Instead, the petitioner filed a motion to reopen more than a year after the dismissal. The State argues that the petition does not fall into any of the categories authorizing the reopening of post-conviction petitions; thus, the post-conviction court was without jurisdiction to hear the petition. We agree with the State.

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). However, to obtain relief,

> a person in custody under a sentence of a court of this state must

---

[1] The post-conviction court's order denying the petitioner's amended petition for post-conviction relief indicates that the petitioner's motion to reopen "was granted after further review." The order granting the motion is not in the appellate record.

petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2003); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a).

In the instant case, the petitioner pled guilty on January 29, 2001. Generally, "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). On appeal, the State acknowledges that the petitioner's guilty plea did not become final until February 28, 2001; therefore, his original petition, which was filed on February 8, 2002, was timely. We agree. Thus, the post-conviction court's dismissal of the original petition was erroneous.

Upon the erroneous dismissal of the original petition, the petitioner should have filed, within thirty days, a notice of appeal. Specifically, we note that Rule 3(b) of the Tennessee Rules of Appellate Procedure provides that a criminal defendant may appeal to this court following "a final judgment in a . . . post-conviction proceeding." Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice."

The petitioner did not file a notice of appeal contesting the erroneous dismissal of his original petition. Instead, more than one year after the dismissal, the petitioner filed a motion to reopen his original petition. The record indicates that, at some point, this motion was granted. In certain limited circumstances, a petitioner may file a motion to reopen a prior petition for post-conviction relief. Tennessee Code Annotated section 40-30-117(a) (2003) provides that a petitioner may file a motion to reopen the first post-conviction petition if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required . . . ; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

-3-

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

As the State contends, the petitioner's motion to reopen did not fall into any of these limited circumstances. Therefore, the post-conviction court erroneously granted the petitioner's motion to reopen.

As we noted earlier, the petitioner did not file a notice of appeal contesting the dismissal of his original petition. Therefore, thirty days after the order dismissing the petition was filed, the post-conviction court's judgment became final. Thus, no "amended" petition could be filed on a completed action. Further, the "amended" petition cannot be treated as a new post-conviction petition. Generally, a petitioner may file only one petition for post-conviction relief. See Tenn. Code Ann. § 40-30-102(c). Accordingly, the post-conviction court had no jurisdiction to address the complaints in the petitioner's amended petition.

### III. Conclusion

Based upon the foregoing, we conclude we must dismiss the petitioner's appeal.

_____
NORMA McGEE OGLE, JUDGE

-4-